◼ In the Matter of INCORPORATED VILLAGE OF ATLANTIC BEACH, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF HEMPSTEAD et al., Appellants. [688 NYS2d 685] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated January 29, 1997, as amended April 9, 1997, which, after a hearing, granted the application of Sunny Atlantic Partners for a permit to enclose an existing sundeck on a beach club building for use as living quarters, the Zoning Board of Appeals of the Town of Hempstead and Sunny Atlantic Partners separately appeal from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered February 25, 1998, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with one bill of costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Sunny Atlantic Partners (hereinafter Sunny), the owner of a beach club in the Incorporated Village of Atlantic Beach, sought a variance in order to enclose a sundeck or porch measuring 14 feet by 14 feet, which was attached to a second-floor apartment in a building on the beach club property. The first floor of the building was used for beach club storage and the second floor apartment was used by the beach club caretaker as his family residence. The caretaker, who has for many years lived in the apartment year-round, attends to the maintenance of the beach club facilities and property. The Village of Atlantic Beach opposed the enclosure, arguing that it would constitute an impermissible use of the beach club property in contravention of a local ordinance which prohibited lodging or sleeping in beach club facilities (Town of Hempstead Building Zone Ordinance § 232.2). The Town of Hempstead Building Department denied the permit application.

In its subsequent application to the Zoning Board of Appeals (hereinafter the Board), Sunny argued that the caretaker's residence, with its attached sundeck or porch, was a permitted accessory use pursuant to Building Zone Ordinance § 232.3, which permits "accessory uses on the same lot with and customarily incidental to" a permitted use listed under section 232.2, and the Board granted the application.

Under the circumstances of this case, we find that the Board properly determined that a variance was unnecessary since the caretaker's residence and the enclosure of the sundeck or porch attached thereto was incidental to the permitted use of the property as a beach facility, and thus, was an accessory use which could be changed as a matter of right. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.